# IN THE SUPREME COURT OF THE STATE OF NEVADA

NEVADA COMMISSION ON ETHICS,
Appellant/Cross-Respondent,
vs.
PAUL D. MCKENZIE,
COUNCILMEMBER, WARD 4, CITY OF
RENO, STATE OF NEVADA,
Respondent/Cross-Appellant.

No. 73105

FILED

JUL 1 8 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER VACATING JUDGMENT AND REMANDING*

This is an appeal and cross-appeal from a district court order granting in part and denying in part a petition for judicial review of a Nevada Commission on Ethics decision. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Respondent/cross-appellant Paul D. McKenzie is a member of the Reno City Council. As provided for by NRS 281A.440(1) (2015), McKenzie sought guidance from appellant/cross-respondent the Nevada Commission on Ethics regarding whether he had a conflict of interest that would require him to publicly disclose certain information and/or abstain from voting on a proposed amendment to a city ordinance. Before the Commission provided its decision, however, the City Council voted on and passed the amendment without McKenzie's participation. The Commission's later decision found that, based on the facts McKenzie described, he had a conflict of interest relating to the proposed amendment that required him to disclose the conflict and abstain from voting on the amendment. McKenzie challenged that decision by filing a petition for judicial review with the district court. The district court affirmed in part

18-27429

and reversed in part the Commission's decision and both parties now appeal.

NRS 281A.440(1) (2015) allows a "public officer or employee who is seeking guidance on questions which directly relate to the propriety of the requester's own past, present or future conduct as a public officer or employee" to request an opinion from the Commission "interpreting the statutory ethical standards and apply[ing] the standards" to the circumstances the requester faces. In the first-party context, where the request for the opinion comes from the public officer or employee himself, the Commission does not independently investigate the underlying facts but accepts the requester's description of them. In part for this reason, an opinion on a first-party request concerning past conduct generally is not subject to judicial review. *See* NRS 281A.440(1) (2015). Only if the Commission's decision "relates to the propriety of the requester's own present or future conduct" does it become a final decision that is subject to judicial review.[1] *Id.; see also Tate v. Nev. Bd. of Med. Exam'rs*, 131 Nev., Adv. Op. 67, 356 P.3d 506, 508 (2015) ("It is well-established courts have no inherent appellate jurisdiction over official acts of administrative agencies except where the legislature has made some statutory provision for judicial review." (internal quotation marks and alterations omitted)).

---

[1]Recent amendments to NRS Chapter 281A have further differentiated between first-party requests for an advisory opinion, as occurred in this case, and third-party ethics complaints, wherein another party challenges the propriety of the conduct of a public officer. 2017 Nev. Stat., ch. 384, digest, at 2475. The amendments maintain that advisory opinions that relate only to the requester's past conduct are *not* subject to judicial review. *See id.* at digest, at 2475, & at § 3.3, at 2479.

In this case, the Commission's decision only related to McKenzie's past conduct. By the time the Commission entered its final decision, the City Council had already voted on and passed the amendment. The Commission expressly limited its decision to past conduct:

> Facts and circumstances that differ from those presented to and relied upon by the Commission may result in different findings and conclusions than those expressed in this Opinion. This Opinion is limited in application to the specific facts and circumstances considered by the Commission.

Because the decision only addressed McKenzie's past conduct, not his "present or future conduct," NRS 281A.440(1) (2015) does not afford a right of judicial review.

Accordingly, the district court lacked jurisdiction to review the Commission's decision and should have dismissed McKenzie's petition. We therefore vacate the district court's order and remand the case to the district court for it to enter an order dismissing McKenzie's petition for lack of jurisdiction.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                        Gibbons

_____, J.          _____, J.
Pickering                     Hardesty

_____, J.          _____, J.
Parraguirre                   Stiglich



cc:   Hon. Patrick Flanagan, District Judge
David Wasick, Settlement Judge
State of Nevada Commission on Ethics
Reno City Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A